## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

PAUL EVANS                                                                      PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:11cv7-KS-MTP

BRENDA SIMS, ET AL.                                                           DEFENDANTS

### ORDER

BEFORE THE COURT are the Plaintiff's Motions to Appoint Counsel [24][27] and

Motions for Expansion of the Record [23][28].  The court having considered the motions and the

applicable law finds that the motions should be DENIED.

In his motions to appoint counsel, Plaintiff requests the court to appoint him counsel for

"evidentiary purposes" and to "vigorously defend Plaintiff's constitutional rights."  *See* Motions

[24][27].  Plaintiff further claims he is entitled to counsel pursuant to 18 U.S.C. § 3006(a).  In

general, there is no right to counsel in civil rights cases.  *Hardwick v. Ault*, 517 F.2d 295, 298

(5th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) (stating that there is

no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915); *Salmon

v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990).  Section 1915(e)(1) authorizes

federal courts only to request that a particular attorney undertake the representation of a litigant

proceeding *in forma pauperis*; it does not authorize the court to make coercive appointments of

counsel.  *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).

Indigent litigants in federal civil rights cases generally possess no constitutional or statutory

right to appointed counsel.  *See Salmon*, 911 F.2d at 1166;  *Jackson v. Cain*, 864 F.2d 1235,

1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  A trial court is not

required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents

truly exceptional circumstances.  *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988);

*Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987);  *Feist v. Jefferson County Comm'rs Court*, 778

F.2d 250, 253 (5th Cir. 1985); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the

existence of such circumstances will necessarily turn on two basic considerations:  (1) the type

and complexity of the case and (2) the abilities of the individual bringing it.  *See Freeze*, 849

F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 212. The

United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether

the appointment of counsel would be of service not only to the plaintiff, but also possibly to the

court and the defendant, through sharpening of issues, the shaping of the examination and cross-

examination of witnesses, and, thus the shortening of trial and assisting in a just determination.

*See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v.*

*Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253; *see also Ulmer*,

691 F.2d at 213.  It is also appropriate for the court to consider whether the indigent plaintiff has

demonstrated an inability to secure the assistance of private counsel, especially in view of the

opportunity for a prevailing Section 1983 plaintiff to recover attorney's fees.  *See Cain*, 864 F.2d

at 1242.

This court is given considerable discretion in determining whether to appoint counsel.

*Ulmer*, 691 F.2d at 211.  After consideration of the record along with the applicable case law, the

court has determined that Plaintiff's pleadings contain no novel points of law which would

indicate the presence of  "exceptional circumstances."  Additionally, Plaintiff has demonstrated

through the pleadings filed in this matter that he is capable of presenting his claims. Moreover,

the court conducted an omnibus hearing where Plaintiff explained and clarified his claims and

the court assisted him in obtaining discovery to support his claims.  *See* Scheduling and Case

Management Order [20].

The motion simply does not justify or merit the appointment of counsel or exhibit any "exceptional circumstances."  Therefore, counsel will not be appointed to the Plaintiff at this juncture of the proceedings.  Moreover, the statute cited by Plaintiff is inapplicable; 18 U.S.C. § 3006(a) applies to the appointment of counsel in criminal matters.

In his Motions for Expansion of the Record [23][28], Plaintiff seeks relevant documents and records that "bear significant bearing on the merits" of his case, including all memos, letters, affidavits, and responses.  Plaintiff does not include any details about his general document request.  On August 5, 2011, the court conducted an omnibus hearing, in part, to address Plaintiff's discovery requests.  The court ordered the Defendants to produce certain documents to Plaintiff.  *See* Scheduling and Case Management Order [20].  The court found that the discovery allowed would fairly and adequately develop the issues to be presented to the court, and held that no other discovery was deemed reasonable or appropriate considering the issues at stake in this litigation.  *Id.*  Plaintiff has shown no good cause to warrant additional discovery.  Accordingly, Plaintiff's Motions for Expansion of the Record [23][28] should be denied.

**IT IS, THEREFORE, ORDERED:**

1.      That Plaintiff's Motions to Appoint Counsel [24][27] are DENIED.

2.       That Plaintiff's Motions for Expansion of the Record [23][28] are DENIED.

**SO ORDERED** this the 21st day of November, 2011.

s/ Michael T. Parker
_____
United States Magistrate Judge
